IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

DAVID CLUM, JR.
ADC #20962-075,                                                                                         PETITIONER

v.                                           Case No. 2:16-cv-00149 KGB-JTR

C.V. RIVERA, Warden
FCI-Forrest City Low                                                                                  RESPONDENT

## ORDER

This action arises from petitioner David Clum, Jr.'s petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241. The Court has received a Recommended Disposition from United States Magistrate Judge J. Thomas Ray (Dkt. No. 10). Mr. Clum filed objections to this Recommended Disposition (Dkt. No. 13). Mr. Clum also filed a supplement to his objections (Dkt. No. 15). After a review of the Recommended Disposition, and the timely objections received thereto, as well as a *de novo* review of the record, this Court concludes that the Recommended Disposition should be, and hereby is, approved and adopted as this Court's findings in all respects (Dkt. No. 13). For the reasons stated below, the Court orders that Mr. Clum's § 2241 petition be recharacterized as a 28 U.S.C. § 2255 petition and directs the Clerk to transfer the action to the United States District Court for the Southern District of Florida immediately.

In his objections to the Recommended Disposition, Mr. Clum raises three relevant objections to the recommendation that this Court does not have jurisdiction to hear his § 2241 petition. First, Mr. Clum contends that the relevant statutory language does not require him to file a § 2255 petition in the Southern District of Florida before filing a § 2241 petition with this Court (Dkt. No. 13, at 3-4). Second, Mr. Clum argues that, because his motions on appeal in the Eleventh Circuit Court of Appeals were denied, there is sufficient evidence to show a § 2255 petition would

be "inadequate" and "ineffective" in granting him relief(Dkt. No. 13, at 4). Mr. Clum asserts that his only means of obtaining relief is through a § 2241 petition with this Court (Dkt. No. 13, at 4-5). Finally, Mr. Clum claims that he has never had an unobstructed procedural process and, because of this, is not required to file a § 2255 petition with the sentencing court (Dkt. No. 13, at 6-7).

In his objections to the Recommended Disposition, Mr. Clum contends that the language of §§ 2241 and 2255 does not require him to seek relief under § 2255 before filing a § 2241 petition with this Court. Mr. Clum cites § 2255(a), which provides that, "a prisoner . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C.A. § 2255(a). Given that § 2255(a) uses "may" rather than "must," Mr. Clum argues that § 2255 is not his only means of relief (Dkt. No. 13 at 3).

"A claim attacking the validity of a guilty plea, and therefore the underlying sentence, is properly entertained in a § 2255 petition before the sentencing court." *Nichol Hill v. Morrison,* 349 F.3d 1089, 1091 (8th Cir. 2003). By contrast, a claim attacking the execution of that sentence, or how the sentence is carried out, should be brought in a § 2241 petition in the jurisdiction of incarceration. *Id.* Here, after reviewing Mr. Clum's claims, the Court agrees with the Recommended Disposition that Mr. Clum is attacking the underlying conviction and sentence. Therefore, the proper method of obtaining relief is to file a § 2255 petition in the sentencing court.

This interpretation of § 2255 is further supported by the language of the statute as a whole. Under the "savings" clause detailed in § 2255(e), Congress decided that all habeas petitions that could be filed as § 2255 petitions must be filed as such, unless such a remedy would be "inadequate" or "ineffective" in granting relief. 28 U.S.C. § 2255. Adopting Mr. Clum's interpretation of the statutes' language, and specifically his arguments regarding "may" and

"allows," would render § 2255(e) meaningless (Dkt. No. 13, at 2-3). Because such an interpretation would frustrate Congress's intent in passing the statute, this Court rejects Mr. Clum's argument as to its meaning. Instead, the Court determines that, based on the claims he makes, § 2255 requires Mr. Clum to seek relief through a § 2255 petition.

Mr. Clum next argues that a § 2255 petition filed in the sentencing court would be an "inadequate" and "ineffective" means to grant him relief (Dkt. No. 13, at 4). The Eighth Circuit Court of Appeals has held that the burden of showing that the § 2255 petition in the sentencing court would be inadequate and ineffective rests with the petitioner. *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004). Mr. Clum argues that, because the Eleventh Circuit Court of Appeals has denied all of his previous motions, a § 2255 petition filed in the sentencing court would be inadequate (Dkt. No. 13, at 4). The Eighth Circuit has held that the denial of a § 2255 motion by the sentencing court is not enough to qualify a habeas petitioner for § 2241 relief. *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003). Mr. Clum has not filed a § 2255 petition in the court in which he was sentenced: the United States District Court for the Southern District of Florida. Mr. Clum cannot claim a § 2255 petition is ineffective until he has unsuccessfully attempted to gain relief in the sentencing court by means of a § 2255 petition. *DeSimone v. Lacy*, 805 F.2d 321, 324 (8th Cir. 1986). Consequently, Mr. Clum has not carried his burden and has not shown that a § 2255 petition would be inadequate or ineffective in granting him relief.

Finally, Mr. Clum contends his case falls within the "savings" clause of § 2255(e) because his procedural opportunity was continuously obstructed. To qualify under the savings clause, Mr. Clum must both claim his actual innocence and show the absence of an unobstructed procedural opportunity to raise the claim. *Abdullah*, 392 F.3d at 960. Mr. Clum argues that such obstruction occurred, at least in part, when the judge who presided over his criminal trial purportedly erred in

making credibility determinations and refused to grant a new trial when a new party came forward to testify (Dkt. No. 13, at 6, 7). As pointed out in the Recommended Disposition, there is no evidence that Mr. Clum has continuously been "obstructed" from raising his claims. On appeal, the Eleventh Circuit affirmed Mr. Clum's conviction, and the Supreme Court later denied his petition for a writ of *certiorari* (Dkt. No. 10, at 2). Given this procedural history, the Court rejects Mr. Clum's argument that his procedural opportunity to raise his claims was obstructed.

For these reasons, the Court has determined that it lacks jurisdiction to decide Mr. Clum's § 2241 petition. Therefore, this Court must now decide whether it is proper under these circumstances to reclassify his petition as a § 2255 petition and transfer this action to the United States District Court for the Southern District of Florida or, in the alternative, to dismiss without prejudice this action. The Eighth Circuit has articulated three reasons that impact whether a court should elect to recharacterize a *pro se* litigant's motion: (1) to avoid an unnecessary dismissal, (2) to avoid inappropriately stringent application of formal label requirements, or (3) to create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis. *Castro v. United States*, 540 U.S. 375, 381-82 (8th Cir. 2003). In the absence of transfer, because this Court does not have jurisdiction under either §§ 2255 or 2241, this Court would be forced to dismiss the action without prejudice. Due to the time limits imposed on filing a petition under § 2255 as explained in the Recommended Disposition, if this Court were to dismiss without prejudice the action, Mr. Clum would be time barred and foreclosed from filing a petition under § 2255. Likewise, as noted above, Mr. Clum is challenging the validity of his sentence, not the manner in which his sentence is being executed or carried out. Because of this, the Court determines that Mr. Clum's petition would be better characterized as arising under § 2255 rather

4

than § 2241. In the light of these facts, the Court determines that it is permitted to recharacterize Mr. Clum's filing.

However, by recharacterizing a *pro se* litigant's filing as a § 2255 petition, the court may make it significantly more difficult for that litigant to file another such motion. Because of this, the courts have decided that before reclassifying a petitioner's motion, the court must inform the petitioner of the consequences of the reclassification and provide the individual with either a chance to agree to the transfer or withdraw his pleading before reclassifying the petition. *Morales v. United States*, 304 F.3d 764, 767 (8th Cir. 2002). As to the first requirement, a habeas petitioner must be warned both of "restrictions on second or successive motions, and of the one-year limitation period." *Id*. In the Recommended Disposition to this Court, Judge Ray provided Mr. Clum with both of these warnings and granted him 14 days to object (Dkt. No. 10, at 9).

Turning to the second requirement, although Mr. Clum has not consented to this Court's recharacterization of his petition, he has not yet withdrawn his pleading seeking relief from this Court. That Mr. Clum objects to recharacterization does not appear to preclude this Court from electing to recharacterize the filing. *Cf. Castro*, 540 U.S. 375, 384 (rejecting government's argument that the absence of an appeal of recharacterization should be dispositive where Petitioner failed to receive warning of the consequences of recharacterization).

If this Court opts not to transfer this action to the Southern District of Florida, Mr. Clum will lose his right to move to attack the validity of his sentence pursuant to 28 U.S.C. § 2255. The negative consequences that could stem from the recharacterization of Mr. Clum's filing appear to flow only from those that result when a first motion is filed under § 2255. When compared to the negative consequences that stem from this Court's dismissal without prejudice of the petition, as examined above, the Court determines that the balance of equities favor transfer over Mr. Clum's

objection. Therefore, the Court determines that the petition be recharacterized from a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241 to a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Dkt. No. 1). The Court directs the Clerk to transfer the action immediately to the United States District Court for the Southern District of Florida. As this Court lacks jurisdiction to resolve Mr. Clum's claims, the Court also directs the Clerk to term as moot all other pending motions filed by Mr. Clum in this action.

It is so ordered this the 22nd day of August, 2017.

_____
Kristine G. Baker
United States District Judge